IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ARNETTA JOHNSON                                                                                          MOVANT

v.                                                                                           No. 1:09CR137-SA-JAD

UNITED STATES OF AMERICA                                                                             RESPONDENT

**MEMORANDUM OPINION**

This matter comes before the court on the motion of Arnetta Johnson to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Johnson alleges that her attorney provided ineffective assistance while defending her against the charges in this case. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

**Facts and Procedural Posture**

On October 7, 2009, a Grand Jury returned an indictment charging Arnetta Johnson on three of nine counts for violations of:

Count One:     18 U.S.C. §§ 2 and 513(a) – uttering forged and counterfeit securities;

Count Three:   18 U.S.C. §§ 2 and 1028(a)(7) – fraud with identification documents; and

Count Nine:    18 U.S.C. § 1029(a)(5) – producing or trafficking in counterfeit devices.

Johnson pled guilty to Counts Three and Nine in accordance with a plea agreement and supplement, and the government agreed to dismiss Count One as to Johnson and not to charge Johnson with any other offenses arising out of or related to the other charges. In addition, the plea agreement set forth that the "[d]efendant has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court." Further, the plea agreement stated that "no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea(s) of guilty." The plea agreement also stated that "[t]his agreement fully reflects all promises, agreements, and understandings between the defendant and the United States Attorney. The defendant's agreement is

knowing, free, and voluntary, and not the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty." The plea supplement set forth that "[t]here is no agreement as to the sentence to be imposed, which will be in the sole discretion of the Court subject to the now advisory Federal Sentencing Guidelines and any statutory mandatory minimums, *which have been explained to defendant by defendant's attorney*." (Emphasis added). The government moved for an upward departure, citing Johnson's extensive history of shoplifting and petty theft, and Johnson's counsel provided a memorandum to the court, noting that the thefts were minor – and the result of addiction – rather than simply a stubborn refusal to obey the law. The calculation by the Probation Service based upon the Presentence Investigation Report yielded a Guidelines Range of 33 to 41 months. The court made an upward departure and imposed a sentence of 48 months incarceration on Counts Three and Nine (to run concurrently), restitution of $3,027.50, supervised release of three years on each count (to run concurrently), and a special assessment of $200.00. Count One was dismissed.

**Johnson's Claims**

In the instant motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255, Johnson alleges that her attorney rendered ineffective assistance in defending her by inducing her to plead guilty. Johnson alleges that she believed that her plea agreement would ensure that she served no more than 36 months imprisonment, but the court imposed a term of 48 months. As part of this claim, Johnson believes that the court used prior convictions in determining her criminal history that were outside the time period permitted in calculating her sentence. In addition, Johnson argues that her simultaneous convictions under 18 U.S.C. § 1028(a)(7) and 18 U.S.C. § 1029(a)(5) constitute double jeopardy. She believes that her counsel should have sought dismissal of one of the two charges on this basis. As discussed below, these claims are without merit and will be denied.

## Ineffective Assistance of Counsel

The court must address claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove that defense counsel was ineffective, Johnson must show that counsel's performance was deficient and that the deficiency resulted in prejudice to her defense. Under the deficiency prong of the test, Johnson must show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

## Ground One

Arnetta Johnson argues in Ground One that her attorney gave her "erroneous advice to induce acceptance of Plea Agreement." In support of this claim, she states that the "[p]lea deal was agreed upon for 36 months, not 48 months the movant received." However, as set forth above, both the Plea Agreement and Plea Supplement made perfectly clear that the sentence was entirely up to the court, limited by "the now advisory Federal Sentencing Guidelines and any statutory mandatory minimums." She also acknowledged that she understood that "no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea(s) of guilty" – and that the plea "agreement fully reflects all promises, agreements, and

understandings between the defendant and the United States Attorney. The defendant's agreement is knowing, free, and voluntary, and not the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty." Johnson signed both the Plea Agreement and the Plea Supplement, acknowledging that she understood the terms of each. Her assertions to the contrary cannot overcome her averments, signed under penalty of perjury, in the plea agreement and supplement. This allegation is without substantive merit.

In addition, Johnson argues that the court considered criminal history points for various convictions lying outside the time limits set forth in the Guidelines – and that counsel should have objected on this basis. This allegation is also without merit. For convictions giving rise to a sentence of more than 13 months, the Guidelines apply 3 points to a defendant's criminal history. U.S.S.G. §4A1.2 (e)(1). Three points are assigned to each adult sentence of imprisonment exceeding one year and one month that are imposed within fifteen years of the instant offense or that result in incarceration during the fifteen-year period. *Id.* The court will count a conviction of a defendant whose parole is revoked during the operative time period, even if the defendant is incarcerated for a new offense at the time of revocation. *United States v. Ybarra*, 70 F.3d 362 (5th Cir. 1995). The court computed Johnson's criminal history points using these criteria. The relevant conduct regarding the instant offense began on September 7, 2009; thus, the 15-year window reached back to September 7, 1994. All of the convictions the court used to compute Johnson's criminal history points fell within that window. Johnson was arrested on charges of: (1) theft of property on February 25, 1995, (2) possession of a controlled substance on October 25, 1995, (3) possession of a controlled substance on March 21, 1996, (4) possession of a controlled substance on April 17, 1996, (5) possession of a controlled substance on October 3, 1997, and (6) theft by fraudulent lease on March 16, 1998. Johnson was convicted on these six charges and sentenced to serve at least 10 years in custody for each. She was released from custody for all of these offenses on October 7, 2001. The court assigned

each of these convictions three criminal history points, for a total of 18, which establishes a criminal history category of VI.

However, Johnson had many other convictions which either fell outside the 15-year window of § 4A1.2 (e)(1) or the 10-year window for minor offenses found in § 4A1.2(e)(2). Johnson's counsel argued in his objection to the Presentence Investigation Report that the court should not give Johnson's convictions much weight, as all either involved small amounts of money, happened long ago, and were the result of her problems with addiction. The court, however, considered Johnson's long history of theft and other crimes, and found, under §§ 4A1.3 and 5K2.0, that reliable information existed that Johnson's criminal history substantially underrepresented the likelihood Johnson would commit other crimes. Johnson had a 23-year history of criminal behavior. For this reason, the court made an upward departure from the applicable guideline range of 33 to 41 months and imposed a sentence of 48 months – a sentence well within the court's discretion. Therefore, Johnson's allegation regarding the calculation of her criminal history points is also without substantive merit. Given the want of merit as to these underlying claims, Johnson's counsel would have rendered effective legal assistance if he had decided not to interpose an objection. In any event, as set forth above, counsel made a valid, but ultimately unavailing, argument regarding the nature and timing of Johnson's convictions. Thus, Johnson cannot reasonably argue that counsel failed to address them. Johnson's claims in Ground Two will therefore be denied for want of substantive merit.

### Ground Two

Arnetta Johnson alleges in Ground Two of the instant motion that counsel was ineffective for failing to object to her convictions under 18 U.S.C. §§ 2 and 1028(a)(7) and 18 U.S.C. § 1029(a)(5) because conviction for both offenses amounts to a violation of the prohibition against double jeopardy. In support of her argument, Johnson relies upon *United States v. Bonilla*, 579 F.3d 1233 (11th Cir. 2009). The *Bonilla* case, however, involves the intersection of 18 U.S.C. § 1028(a)(7) (identity theft)

and 18 U.S.C. § 1028A(a)(1) (aggravated identity theft). *Id.* The instant case, however, involves 18 U.S.C. § 1028(a)(7) (identity theft) and 18 U.S.C. § 1029(a)(5) (producing or trafficking in counterfeit devices). To determine whether conviction for two crimes constitutes double jeopardy, the court must use the test set forth in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). If each crime contains an element not found in the other, then conviction for both crimes does not constitute double jeopardy. *Id.* That is true in the present case.

The relevant part of 18 U.S.C. § 1028(a)(7) states that a defendant who commits identity theft is:

> (a) Whoever, in a circumstance described in subsection (c) of this section –
>
> > (7) knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law . . .

Thus, the elements of § 1028(a)(7) are: (1) knowingly, (2) transferring, possessing or using, (3) without lawful authority, (4) a means of identification of another person (5) with the intent to commit, aid, or abet, or in connection with, (6) any unlawful activity that constitutes a violation of Federal, state, or local law.

The relevant part of 18 U.S.C. § 1029(a)(5) states that a defendant who commits producing or trafficking in counterfeit devices is:

> (a) Whoever –
>
> (5) knowingly and with intent to defraud effects transactions, with 1 or more access devices issued to another person or persons, to receive payment or any other thing of value during any 1-year period the aggregate value of which is equal to or greater than $1,000 . . . .

Thus, the elements of § 1029(a)(5) are: (1) knowingly, (2) with intent to defraud, (3) effecting transactions, (4) with one or more access devices, (5) issued to another person or persons, (6) to receive payment or something of value, (7) within a one-year period, (8) with

aggregate value greater than or equal to $1,000.00.  A quick review of the elements of these crimes reveals that each has elements the other does not.  For example, identity theft requires use or possession of a means of identification, while producing or trafficking in counterfeit devices does not.  Conversely, producing or trafficking in counterfeit devices requires use of access devices, while identity theft does not.  The two crimes are distinct, and Johnson's claim that they are not is without merit.  As counsel cannot be faulted for declining to raise a meritless objection, this ground for relief must be denied, as well.

## Conclusion

In sum, all of Johnson's grounds for relief are without merit, and the instant motion to vacate, set aside, or correct sentence will be denied.  A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 24th day of June, 2014.

        **/s/ Sharion Aycock**
        **U.S. DISTRICT JUDGE**